# CHARLESTON.

## Sheets *v.* Ohio River R. Co.

Submitted June 7, 1894.—Decided November 17, 1894.

Damages—Railroad Companies.

> Where the proper official of a railroad company fails to inform a conductor of a change in its rules and regulations as to the sale of tickets and the stoppage of its trains, and such conductor acting through want of the necessary information wrongfully refuses to carry a passenger to his destination and ejects him from the train, the company is liable to such passenger in an action on the case for the damages sustained by reason of the wrong committed.

Leonard & Archer and J. D. Sommerville, for plaintiff in error cited 20 Gratt. 264 ; 1 Chitty Pl. 229 ; 3 Rob. Pr. (new) 516, 437, 440 ; 6 Gratt. 131 ; 12 Pet. 151 ; 12 Leigh, 476 ; 36 W. Va. 318 ; 37 W. Va. 606 ; 35 W. Va. 389 ; 38 W. Va.

346 ; 61 Md. 619; 94 Ind. 474; 54 Wis. 342 ; 62 Tex. 380 ; 28 N. Y. 217.

Ewing, Melvin & Ewing and J. C. Palmer, for defendant in error.

I.—*Principal liable for the acts and representations of his agent within the scope of his authority.*—Mech. Ag. §§ 714, 743.

- *a.* Even though contrary to instructions. — Schoul. Bailm. and Carr. § 627 and note ;  Wood M. & S. § 307.

- *b.* And of sub-agent.—Mech. Ag. §§ 195, 281, 749.

II.—*Apparent power and not undisclosed limitations or instructions to agent, bind principal.*—Mech. Ag. §§ 279, 281.

III.— *Waiver of regulations by continual practice.* —Schoul. Bailm. and Carr. § 633 ; Mech. Ag. §§ 281, 282; 63 Me. 298.

IV.—*Of what a ticket is evidence.*—63 Me. 298 ; 31 N. W. Rep. 544 ; Schoul. Bailm. and.Carr. § 627 and note.

V.—*Contract on ticket limiting passengers rights must be clearly expressed.*—106 Mass. 153.

VI.—*Conductor must take passengers word that ticket agent represented ticket to be good.*—31 N. W. Rep. 544 ; Schoul. Bailm. and Carr. § 635 and note 4.

VII.—*Plaintiff had a right to waive the breach of contract and sue in tort for the injury.*—34 W. Va. 65 ; 36 W. Va. 318 ; 87 N. Y. 382.

Dent, Judge :

This is an action of case instituted by Lee Sheets against the Ohio River Railroad Company, in the Circuit Court of Ohio county, in which there was a verdict and judgment for the plaintiff on the 12th day of October, 1892, for the sum of four hundred dollars, with interest and costs.  The defendant claims that the Circuit Court erred—First, in overruling the defendant's demurrer to plaintiff's declaration and each count thereof; second, in overruling defendant's objections to the evidence of plaintiff as set out in bill of exceptions No. 1; third, in overruling the defendant's objections to plaintiff's testimony as set out in bill of ex-

ceptions.No. 2; fourth, in overruling defendant's motion to exclude plaintiff's evidence as set out in bill of exceptions No 3; fifth, in overruling defendant's motion to set aside the verdict rendered by the jury in said cause (see bill of exceptions No. 5); sixth, in refusing to give the instruction asked for by defendant as set out in bill of exceptions No. 6.

This case as to all the objections raised to wit: As to the declaration, the admission of testimony, form of action, instructions given, and amount of damages, is exactly in point with, and fully controlled and settled by, the case of *Boster* v. *Railway Co.*, 36 W. Va. 318 (15 S. E. Rep. 158). The only real contention herein not settled by that case is because of the refusal of the Circuit Court to give the following instruction, to wit; "The jury are instructed that, even if they believe from the evidence that the ticket agent at Salama was authorized by the superintendent of the defendant to sell round-trip tickets from Salama to St. Mary's for defendant's train No. 3, still they can not find for plaintiff on that account, unless they further believe from the evidence that Conductor Hinde was informed of such authority."

The facts are as follows, to wit: The plaintiff purchased at Salama, a station of the defendant, of its agent a round-trip ticket to St. Mary's, another station of the defendant north of Salama, which he was informed was good for passage and return on all the defendant's passenger trains. He made the upward trip, and boarded the defendant's passenger train No. 3 to return. When he offered his return ticket to the conductor, he was informed, that it was not good for passage on that train, as it did not stop at Salama, unless he had passengers either from or north of another station, called "Sardis," being a station further north than St. Mary's, and that he had no such passengers on the train, and would not therefore stop at Salama, but that the plaintiff would have to leave the train at the next station, called "Belmont," about five miles short of his destination. The plaintiff was anxious to get home, owing to the dangerous illness of his daughter, and insisted on the conductor receiving his ticket. But the conductor com-

pelled him to leave the train at Belmont. The plaintiff was a very large man and badly crippled and through his anxiety to reach home walked all the way from Belmont to Salama. The train No. 3 did stop that day at Salama; the conductor supposes because it was flagged. The uncontradicted testimony of the agent at Salama establishes the fact, that he was authorized by the superintendent of the defendent to sell round-trip tickets to St. Mary's good for passage either way on train No. 3; but the excuse of the defendant is, that the conductor had not yet been informed of this instruction or regulation, and acting under his abrogated or modified instructions he was justified in his course, and the defendant thereby relieved from liability in this action.

In the case of *McKay* v. *Railway Co.*, 34 W. Va. 65 (11 S. E. Rep. 737) the conductor was in the right, and the passenger in the wrong. In this case the passenger is in the right, and the conductor acting through want of instructions is in the wrong. The plaintiff had his ticket and under the common law (section IX, art 11, of the constitution of this state) and according to the then existing regulations of the defendant had the right to transportation to the place of his destination. This he was wrongfully refused. Ignorance of the company's instructions may be a good excuse for the conductor to give the company for his conduct on this occasion, but it does not relieve the company from liability to the passenger, who has been wrongfully treated. The law will not permit a railroad company to have conflicting rules or regulations governing its different officers and agents and for this reason grant it immunity from liability for the wrongful treatment of its passengers. The agent made no mistake in selling the ticket but acted strictly in accordance with the instructions of the defendant; but the conductor made the mistake and committed the wrong. Neither the passenger nor the conductor is to blame, but the responsibility falls upon the defendant alone, who must suffer the consequences. The plaintiff, having been wrongfully treated, in the language of JUDGE HOLT in the case of *Boster* v. *Railway Co.*, *supra*, is entitled to receive "a reasonable and fair compensation for

his physical discomfort and inconvenience, his mental suffering and pain, the insult and humiliation, all following as the direct proximate result of having been driven from the train wrongfully." "We can not say that the damages found are so excessive as to warrant the belief that the jury must have been influenced by some mistake, partiality, prejudice or passion;" and therefore the judgment is affirmed.

# CHARLESTON,

