# CHARLESTON

## STYLES *v.* C. & O. RY. Co.

Submitted February 19, 1907. Decided November 19. 1907.

1. TRIAL—*Instructions.*

   Where instructions are given both for the plaintiff and the defendant touching the same subject and some are incomplete but state the law properly as far as they go, and other instructions are given which supply the defect, they will all be taken and read together, all being the instructions of the court. (p. 652.)

2. SAME.

   The purpose of instructions being to advise the jury what the law is on the subject matter of the instructions, to carry out that

purpose all instructions given in the case, whether for either or both parties, must be read together each in the light of the others and they must constitute a consistent whole. (p. 652.)

3. Appeal—*Review— Verdict.*
   Point 3 of syllabus, *Bosley* v. *Railroad Co.*, 54 W. Va. 563, approved and applied. (p. 654.)

Error to Circuit Court, Fayette County.

Action by Samuel H. Styles against the Chesapeake & Ohio Railway Company. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

Simms & Enslow, for plaintiff in error.

Dillon & Nuckolls, for defendant in error.

McWhorter, Judge:

This was an action in case brought in the circuit court of Fayette county by Samuel H. Styles against the Chesapeake & Ohio Railroad Company, a corporation, to recover damages from said company by reason of its failure to carry and transport the plaintiff from Glenjean station on a branch of its said road to Thurmond another station, and for personal injuries to the said plaintiff caused by ejecting him from a freight train of the said defendant while said train was in motion, the plaintiff having purchased a ticket at the said Glenjean station to the said station at Thurmond and return on March 19, 1904.

While a demurrer to the declaration was overruled there is no complaint of the action of the court in so doing, the only point raised in the case, except the claim of excessive damages allowed by the verdict of the jury, is as to the instructions given on behalf of the plaintiff. Instructions Nos. 1, 2, 3 and 4 are objected to as it is claimed "they are all based on the theory that a common carrier of passengers is bound to receive just as many people as apply for carriage, no matter what their number or how crowded the cars may be," and no other objection or exception is made to said instructions or either of them. On motion of the defendant the court gave the following instructions touching that point: "The Court instructs the jury, that a railway company is not required to carry an unusual number of pas-

sengers, who without any previous notice apply for passage at a local point and the company is not required by law to carry passengers on freight trains or the freight cars, and although a ticket may have been sold plaintiff to go on a certain train, if that train was full when it arrived at the point where the ticket was sold, the plaintiff has no right of action, if the defts agts offered to refund the money, which plaintiff paid for ticket." The instructions of plaintiff and the said instruction of defendant given by the court fully instructed the jury on the theory contended for by the defendant. The instructions taken altogether present the issue fairly to the jury. In *State* v. *Cottrill*, 52 W. Va. 363, Syl. pt. 1 is as follows: " When an instruction is incomplete in not going far enough to put the law upon its subject, but other instructions do state the law omitted and taken together they properly state the law upon the subject, no error can be based on the defect of such instructions to reverse the judgment, as the other instructions cure the defects in it." It is there further held: "All instructions given are instructions of the court, regardless of who requests them, and are to be considered together." And in *State* v. *Prater*, *Id.* 133, it is held: " When an instruction given is incomplete, but states the law correctly as far as it goes, and the omitted part is supplied by other instructions given, such omission is not error."

The second assignment is that the court erred in giving on behalf of the plaintiff the following instruction: "The Court further instructs the jury that if they find for the plaintiff, that they have a right to assess the actual damages that may have been sustained by the plaintiff and in addition thereto, they may find such damages, if any, as the plaintiff may be entitled to by reason of any physical pain or mental anguish suffered by the plaintiff as direct result of the negligence or breach of contract on the part of the defendant." It is argued by plaintiff in error that said instruction was improper to be given " as the evidence showed that plaintiff had sustained no physical injury and under the law he cannot recover damages for mental anguish unaccompanied by bodily injury," and cite several authorities to sustain his position. It is not true that according to the evidence the plaintiff sustained no physical injury. He

states in his testimony that he was hurt upon the head and and that by his fall in jumping to the ground from the car he was badly shaken up and when he got to the train upon which his wife and child were he was a nervous wreck and in a pretty bad condition. The question as to the amount of damages is one for the jury. In *Trice* v. *Railroad Co.*, 40 W. Va. 271, where plaintiff was ejected from the train at a regular station and no physical injury inflicted, he having purchased a mileage ticket good for one year from date of issue which the agent had stamped by mistake the 4th day of March, 1892, instead of 1893, plaintiff tendered the ticket on the 24th of April, 1893, in the payment of fare which was refused and he was ejected for non-payment of fare. It is there held that where the case is one of indeterminate damages and the law gives no specific rule of compensation, the decision of the jury upon the amount of damages is generally conclusive unless the amount is so large or small as to induce the belief that the jury was influenced by passion, partiality, corruption or prejudice, or misled by some mistaken view of the case. In that case a verdict for $550.00 was sustained, the plaintiff being wrongfully requested to leave the train, no force was used to put him off and there was no physical injury inflicted. See also Suth. Dam., section 953; *Farish* v. *Reigle*, 11 Grat. 697; *Pegram* v. *Storts*, 31 W. Va. 220; (6 S. E. 485); *Boster* v. *Railroad Co.*, 36 W. Va. 318; (15 S. E. 158); *Sheets* v. *Railway Co.*, 39 W. Va. 475, (20 S. E. 566). The verdict in case at bar is only $200.00 and if the plaintiff is entitled to recover at all this verdict cannot be complained of as execessive. The plaintiff was very anxious to reach Thurmond to meet the passenger train from the east upon which his wife and child were. After being removed from the passenger train by the conductor he had used every means in his power to be transported to Thurmond, a distance of 8 1-2 miles, and according to the defendants own testimony he had permission from the superintendent to ride upon a freight train, was directed by the superintendent to walk to Harvey—about a mile on the way to Thurmond—where he was told he would find a freight train upon which he could take passage. He was acting in good faith trying to get the carrier to render him the service which

he had paid for and to carry out the order of the super-intendent in relation to his riding upon a freight car. He got upon the train found standing at a station and after the train had started he was required by the conductor thereof to jump from the moving train, although he told the con-ductor that he had a ticket and had instructions from the superintendent to ride on a freight train. The conductor told him that "it didn't make a damned bit of difference" that he would have to get off, and forced him to jump off in a dangerous place from a height of some seven feet while the train was in motion, whereby he received the in-jury complained of. Whether plaintiff was rightfully or wrongfully on that freight train the defendant had no right to eject him therefrom in the manner it was done, while the train was in motion and in so dangerous a place. The damages are not excessive in any view of the case. In *Bosley* v. *Railroad Co.*, 54 W. Va. 563, 580, (Syl. point 3), it is held: "Where a case has been fairly submitted to a jury, and a verdict fairly rendered, it ought not to be interfered with by the court, unless manifestly wrong or injustice has been done, or unless the verdict is plainly not warranted by the evidence."

For the reasons here given the judgment of the circuit court is affirmed.

*Affirmed.*